**NOT PRINTED FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| WILLIAM J. WELLS | § | |
| VS. | § | CIVIL ACTION NO. 9:17-CV-80 |
| BRYAN COLLIER, *et al.*, | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff, William J. Wells, an inmate confined at the at the Eastham Unit, of the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division, proceeding *pro se* and *in forma pauperis,* filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Bryan Collier, Kevin Wheat and Gregory Vaughn.

Factual & Procedural Background

Plaintiff originally filed this civil rights action on May 15, 2017 (docket entry no. 1). Plaintiff alleged hundreds of inmates at the Eastham Unit had been diagnosed with H. Pylori that they allegedly contracted from consumption of contaminated water through drinking water, showering in the water, through insect infestation and generalized inhumane conditions. Plaintiff sought class certification (docket entry no. 31). This Court ultimately denied plaintiff's motion for class certification on September 23, 2018 (docket entry no. 64). Plaintiff filed a Notice of Appeal which was ultimately dismissed on March 13, 2019 (docket entry no. 78). The Fifth Circuit Court of Appeals denied permission to appeal the denial of class certification, denied plaintiff's motion to appoint counsel and dismissed the notice of appeal from other orders entered by the Magistrate Judge to whom this case was referred.

Plaintiff alleges specifically that he was diagnosed with H. Pylori as early as July 23, 2009, resulting from the allegedly contaminated water at the Eastham Unit. Plaintiff seeks monetary

damages in addition to injunctive relief.

An Amended Docket Control Order was entered on March 26, 2019 (docket entry no. 79). Defendants filed a Motion for Judgment on the Pleadings, citing Federal Rule of Civil Procedure 12(c) (docket entry no. 83). Plaintiff filed a response, which he labeled as a "Rebuttal" to Defendants' Motion for Judgment on the Pleadings (docket entry no. 84).

## Standard of Review

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed. The pleadings must be construed liberally, and a judgment on the pleadings is appropriate if there are no disputed fact issues and only questions of law remain. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir.2002). Rule 12(c) motions are evaluated using the same standard as a motion to dismiss under Rule 12(b)(6). *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir.2010).

A complaint does not need detailed factual allegations to state a claim, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *Gentilello,* 627 F.3d at 544. Dismissal is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Bell Atlantic Corp.,* 550 U.S. at 570. Conclusory allegations and legal conclusions without factual support are insufficient to avoid dismissal of the complaint. *Id.* at 555.

## Analysis

*Official Capacity Claims*

To the extent plaintiff sues the defendants in their official capacity for monetary damages, these claims fail to state a claim upon which relief may be granted. Defendants are entitled to Eleventh Amendment immunity. Unless a State consents to suit or Congress exercises its power to override a State's immunity, the Eleventh Amendment to the United States Constitution bars suits against a State in federal court. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). When a suit is brought against a state official in his official capacity, the claims are, in effect,

asserted against the State itself. *Will,* 491 U.S. at 71.

The Fifth Circuit has also established that while a state official's future conduct may be subject to an injunction, a federal court may not award monetary damages against a state official in his official capacity. *Saahir v. Estelle*, 47 F.3d 758, 762 (5th Cir. 1995). The Fifth Circuit has repeatedly held that the Eleventh Amendment bars plaintiffs from recovering monetary damages in a § 1983 claim from TDCJ officers in their official capacity. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998); *Aguilar v. TDCJ-CID*, 160 F.3d 1052, 1054 (5th Cir. 1998).

To the extent plaintiff seeks prospective injunctive relief against the defendants in their official capacity, this claim fails to state a claim upon which relief may be granted. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984); *Walker v. Livingston*, 381 F. App'x 477, 478 (5th Cir. 2010) (citing *Seminole Tribe v. Florida*, 517 U.S. 44, 73 (1996)) (citing *Ex parte Young*, 209 U.S. 123 (1908))). "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightfoward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997).

In his original complaint, plaintiff contends a "Boil Water Notice" was posted advising prisoners not to drink the water in December of 2016, to boil the water before consumption and/or drink bottled water that was available for purchase. Plaintiff also provided copies of his grievances which show officials for the unit notified plaintiff that the "Boil Water Notice" was lifted and that TCEQ stated the water was safe for consumption. To the extent plaintiff complains the water in his cell is dirty and not safe to drink, officials with TDCJ also informed plaintiff to contact the maintenance department with cell specific issues.

Assuming, without finding, that plaintiff even alleges a constitutional violation, plaintiff's own pleadings establish any request for prospective injunctive relief is moot as the "Boil Water" notice was lifted and TCEQ determined the water was safe for consumption. There is no continuing

constitutional violation.  Plaintiff's official capacity claims shall  be dismissed with prejudice.

*No Personal Involvement by Individual Defendants*

To bring this civil rights claim under 42 U.S.C. § 1983, plaintiff must establish a causal connection between the alleged constitutional deprivation and the named defendants.  "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983); *See Rizzo v. Goode*, 423 U.S. 362, 371-77 (1976) (affirmative link needed between injury and conduct of defendant).  Furthermore, a civil rights plaintiff cannot simply make generalized allegations or assert legal or constitutional conclusions to satisfy these requirements. *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992).  To sustain his complaint, a plaintiff must instead state particular facts specifying the personal involvement of each defendant.  *Fee v. Herndon*, 900 F.2d 804 (5th Cir.) *cert. denied*, 498 U.S. 908 (1990).  These facts must create an affirmative link between the claimed injury and the defendant's conduct.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

The Fifth Circuit has held that lawsuits against supervisory personnel based on their positions of authority are claims of liability under the doctrine of *respondeat superior*, which does not generally apply in § 1983 cases.  *Williams v. Luna*, 909 F.2d 121 (5th Cir. 1991).  A supervisory official cannot be held vicariously liable for the actions of a subordinate unless, (1) he affirmatively participates in the acts that caused the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in plaintiff's injury.  *Mouille v. City of Live Oak, Texas*, 977 F.2d 924, 929 (5th Cir. 1992).  Plaintiff has not alleged that defendants affirmatively participated in any act that caused the alleged constitutional deprivation.  Further, plaintiff makes no allegation that defendants implemented an unconstitutional policy that resulted in the deprivation of plaintiff's rights.

Plaintiff cannot establish any amount of personal involvement on the party of any of the named defendants, nor does plaintiff allege anything, beyond that defendants Vaughn and Wheat are "responsible for things at Eastham," and that defendant Collier "holds a responsibility for the

Texas Department of Criminal Justice as a [whole]." Therefore, plaintiff's claims against defendants Collier, Wheat and Vaughn in their individual capacity are without merit and shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

*Statute of Limitations*

There is no specific federal statute of limitations governing claims brought under § 1983, federal courts look to the law of the state in which the action arose to determine the appropriate limitations period, usually borrowing the state's general personal injury statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Owens v. Okure*, 488 U.S. 235, 236 (1989); *K.M.C. ex rel Nobre v. La. Dep't of Pub. Safety*, 935 F.3d 437, 440 (5th Cir. 2019); *Bargher v. White*, 928 F.3d 439, 444 (5th Cir. 2019); *Winzer v. Kaufman Cty.*, 916 F.3d 464, 470 (5th Cir. 2019); *Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir.), *cert. denied*, 543 U.S. 820 (2001); *see also* 42 U.S.C. § 1988.

Because § 1983 claims are most analogous to Texas personal injury claims, the applicable statute of limitations is two years, as set forth in § 16.003 of the Texas Civil Practice & Remedies Code. *Winzer*, 916 F.3d at 470; *Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018); *Jones v. Tex. Juvenile Justice Dep't*, 698 F. App'x 215, 216 (5th Cir. 2017), *cert. denied*, 138 S.Ct. 1566 (2018); *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015). Under federal law, a claim accrues when, "the plaintiff becomes aware that he suffered an injury or has sufficient information to know he has been injured." *Nottingham v. Richardson*, 499 F. App'x 368, 375 (5th Cir. 2012) (citing *Russel v. Bd. of Trustees of Fireman, Policeman, & Fire Alarm Operators' Pension Fund of Dall., Tex.*, 968 F.2d 489, 493 (5th Cir. 1992) (citations omitted)).

In the present case, plaintiff mentions in an attachment to his original complaint that he contracted H. Pylori around July or August of 2009. Plaintiff states he had his blood drawn on July 23, 2009 and a positive result for H. Pylori was reported on July 24, 2009. Wells filed suit on May 15, 2017, nearly 9 years after the positive test result. Even assuming that plaintiff was unaware of the diagnosis until his medical visit on August 18, 2009, a record also attached to his original

5

complaint, plaintiff's suit still falls well outside the applicable two-year statute of limitations period. TEX. CIV. PRAC. & REM. CODE § 16.003. Therefore, plaintiff's claims shall be dismissed with prejudice as barred by the applicable statute of limitations.

## ORDER

All of Plaintiff's claims against all Defendants, in both their official and individual capacities, are **DISMISSED** with prejudice.

So **ORDERED** and **SIGNED March 15, 2020.**

_____
Ron Clark, Senior District Judge